IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JASON LARON THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:13-cv-226 |
| MELISSA FOSTER and | ) Judge Trauger |
| CORRECT CARE SOLUTIONS, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

Plaintiff Jason Laron Thomas's *pro se* complaint (ECF No. 1) under 42 U.S.C. § 1983 is before the Court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, and *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir.1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

**I.      FACTUAL ALLEGATIONS**

The plaintiff is presently incarcerated at the Davidson County Sheriff's Office – Criminal Justice Center ("CJC") in Nashville, Tennessee. He brings suit against defendants Melissa Foster, a nurse practitioner, and Correct Care Solutions ("CCS"), Foster's employer, based on the defendants' deliberate indifference to the plaintiff's serious medical needs.

The plaintiff alleges that he was in an altercation with another inmate on January 31, during which he slipped on a wet spot on the floor and fell, dislocating his shoulder. He was placed in a holding cell for a half hour before seeing defendant Foster, who gave him a sling for his arm and ibuprofen for pain. A few days later, an x-ray revealed that his shoulder was, in fact, dislocated. Foster told the plaintiff that he would be referred to an orthopedic surgeon and gave him Tylenol for pain. Since that day, more than a month ago, the plaintiff has received no further treatment and no additional pain medication, despite having submitted numerous sick-calls and grievances since then. The plaintiff believes he should have been taken to the emergency room on January 31.

**II.     STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from

a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.    LEGAL ANALYSIS

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988). Claims against entities or individuals who are not state actors and "persons" subject to suit under § 1983 must be dismissed. Claims that do not state a deprivation of a right secured by the Constitution or federal law must likewise be dismissed.

The plaintiff does not identify what constitutional right he believes has been violated, but the plaintiff's

allegations implicate his right under the Eighth Amendment to reasonably necessary medical care.[1] Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). A deliberate-indifference claim has both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702 (citing *Farmer*, 511 U.S. at 834). Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.*

In the present case, the plaintiff alleges that he has received essentially no treatment for a dislocated shoulder, despite being told that he would be referred for a consult with an orthopedic surgeon, and that defendant Melissa Foster has known since no later than February 2 or 3 that the plaintiff's shoulder is dislocated. Construing the complaint in the light most favorable to the plaintiff, the Court concludes that, at this stage, the allegation of injury creates a question of fact as to whether the injury is sufficiently serious to implicate the plaintiff's constitutional right to care. Further, the plaintiff's allegations, if true, again are sufficient to show that Foster, at least, must have known the plaintiff had at least at "substantial risk" of serious injury, but has deliberately disregarded that risk. Moreover, Foster, in her role of providing medical care to inmates in the custody of the Davidson County Sheriff's Office, qualifies as a state actor for purposes of § 1983. *See West v. Atkins,* 487 U.S. 42, 55-56(1988) (holding that private medical contractors such as those employed or contracted by Correct Care Solutions to provide medical care to prisoners) are state actors for purposes of § 1983). The Court finds that the complaint states a colorable claim against Foster under § 1983 for deprivation of the plaintiff's Eighth Amendment right to reasonably necessary medical care. The claim against her in her individual capacity will therefore be permitted to proceed.

---

[1] The plaintiff does not indicate whether he is a convicted prisoner or a pretrial detainee. A convicted prisoner's rights are generally analyzed under the Eighth Amendment, while a pretrial detainee is protected by the Due Process Clause of the Fourteenth Amendment. Although pretrial detainees' rights are analyzed under the Fourteenth Amendment, they are considered to be analogous to the Eighth Amendment rights of prisoners, *Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir. 1992), in order "to avoid the anomaly of extending greater constitutional protection to a convict than to one awaiting trial." *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985); *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1096 (6th Cir. 1992).

The final question is whether the plaintiff has stated a claim against Correct Care Solutions. CCS, as an entity contracted to perform services that are normally the responsibility of the state, may be deemed a state actor subject to liability under § 1983. *West v. Atkins*, 487 U.S. 42, 56 (1988). However, a private entity can be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city [or contracted entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't,* 8 F.3d 358, 363–64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

The plaintiff in this case alleges that he filed numerous sick-call requests and grievances over a period of more than a month since he was diagnosed as having dislocated shoulder, but has not received any medical attention other than a sling and NSAIDs shortly after the accident occurred. The Court finds that the allegation of delay is sufficient in itself to give rise to a reasonable inference that CCS has adopted a policy or procedure of delaying medical care to the point of deliberate indifference to the serious medical needs of inmates. The Court therefore finds, for purposes of the initial review, that the plaintiff has alleged facts that state a colorable claim against CCS for deliberate indifference to the plaintiff's serious medical needs.

In sum, the Court finds, for purposes of the initial screening, that the plaintiff has stated a colorable claim under § 1983 for violation of his rights under the Eighth Amendment against Nurse Practitioner Melissa Foster and CCS. These claims will be permitted to proceed.

An appropriate order is filed herewith.

Aleta A. Trauger
United States District Judge