UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JASON LARON THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:13-CV-00226 |
| | ) | |
| (SARAH) MELISSA FOSTER and | ) | Judge Trauger/Bryant |
| CORRECT CARE SOLUTIONS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

TO: **The Honorable Aleta A. Trauger**

## REPORT AND RECOMMENDATION

Defendants Melissa Foster and Correct Care Solutions, LLC ("CCS") have filed a motion for summary judgment (Docket Entry No. 35) pursuant to Rule 56 of the Federal Rules of Civil Procedure as to the Complaint filed against them by Plaintiff, Jason Laron Thomas. Plaintiff Thomas, proceeding *pro se* and *in forma pauperis*, has alleged a violation of 42 U.S.C. § 1983 stemming from the medical treatment he received after dislocating his shoulder.

For the reasons stated below, the undersigned Magistrate Judge **RECOMMENDS** that Defendants' motion for summary judgment be **GRANTED**.

## Standard of Review

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Alleging a factual dispute alone is not enough to overcome a motion for summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Even if the fact is material, a factual dispute will not defeat summary

judgment if the dispute is not "genuine," that is, if it is not such that a "reasonable jury could return a verdict for the nonmoving party." *Id*.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the movant meets this burden, the burden shifts to the nonmovant "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

It the nonmovant fails to address the movant's assertion of facts as required by Rule 56(c), the court may "consider the fact[s] undisputed for purposes of the motion" and "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to it." Rule 56(e).

## Statement of the Facts

The underlying facts of the Plaintiff's claim, filed on March 13, 2013, may be summarized as follows:

The Plaintiff alleges that on January 31, 2013, he slipped and fell on a recently mopped floor after an altercation while incarcerated at Davidson County's Criminal Justice Center. Doc. Entry No. 1, Section IV at p. 3. Plaintiff claims this fall dislocated his left shoulder. *Id.* Plaintiff further alleges that he did not receive medical treatment until thirty minutes to an hour after his fall, at which point he was examined by Defendant Melissa Foster. *Id.* Plaintiff claims that Defendant Foster informed him that his shoulder was not out of place, instead placing his arm in a sling and giving him Ibuprofen for the pain. *Id*.

Two to three days after the fall, Plaintiff alleges that he underwent x-rays that showed he had suffered a dislocation of his left shoulder. *Id.* He was then referred to an orthopedic surgeon and given regular Tylenol. *Id.* Despite this, Plaintiff filed a grievance for what he believed to be poor medical attention, which was subsequently denied. *Id.* Plaintiff alleges that although he had been referred to an orthopedic surgeon, he had not been seen by one at the time he filed his Complaint. Doc. Entry No. 1, Section IV at p. 4. Plaintiff further contends that he should have been sent to the emergency room. *Id.*

Subsequent to the filing of Plaintiff's complaint, the Defendants filed a response supported by a pair of affidavits and related exhibits that lay out a series of additional facts that have been left undisputed by the Plaintiff.[1] They may be summarized as follows:

During the Plaintiff's initial examination after the accident on January 31, 2013, Plaintiff claimed to have fallen during an altercation and stated that his left shoulder was "out of place and needs to be put in place." Ex. 1 to Affidavit of Jeremy McGraw. At this examination, Plaintiff was able to partially lift his left arm approximately ninety degrees, but experienced pain when doing more. *Id.* Nurse Foster subsequently placed a call to the physician on-call to obtain orders, and continued to monitor the Plaintiff's condition. *Id.* Later that day, Ms. Foster wrote an order for Plaintiff's left arm to be placed in a sling for thirty days and for x-rays of the left shoulder and elbow to be taken. Ex. 2 & 3 to Affidavit of Jeremy McGraw.

The next day on February 1, 2013, Plaintiff underwent x-rays of his left shoulder and

---

[1] Plaintiff does contest the affiant's credibility as a witness to the facts established in the medical records (Docket Entry No. 45). However, Mr. McGraw does not testify as a fact witness, but as a CCS administrator capable of authenticating Plaintiff's medical records (Docket Entry No. 35-1).

elbow. Ex. 4 to Affidavit of Jeremy McGraw. Although they showed signs of a dislocation, the x-rays revealed no further abnormalities. *Id.* On this same day, Plaintiff made a sick call complaining of a sharp chest pain and an inability to lay down to sleep stemming from his dislocated shoulder. Ex. 5 to Affidavit of Jeremy McGraw. As the Plaintiff was not wearing his prescribed sling at the time, he was educated on wearing his sling by a nurse and given an increased dosage of Ibuprofen. *Id.*

On February 5, 2013, Ms. Foster reviewed Plaintiff's x-ray results and ordered that an orthopedic referral be made for the first available appointment. Ex. 6 to Affidavit of Jeremy McGraw. She also advised the Plaintiff to continue to wear the sling and take additional Ibuprofen. *Id.* Two days later, on February 7, 2013, Ms. Foster examined the Plaintiff again and prescribed him Tylenol. Ex. 7 to Affidavit of Jeremy McGraw.

On February 18, 2013, Plaintiff made another sick call request complaining that his shoulder was still out of place and that the Tylenol was not helping. Ex. 8 to Affidavit of Jeremy McGraw. No further action was taken at that time. *Id.* On February 23, 2013, Plaintiff made another sick call request related to his shoulder, requesting additional medication for the pain and a bottom bunk pass. Ex. 10 to Affidavit of Jeremy McGraw. Plaintiff was seen by a nurse the following day, who increased his Tylenol dosage to 975 mg, but Plaintiff refused to take it. Ex. 11 to Affidavit of Jeremy McGraw. Plaintiff did not request any further treatment before filing the instant suit against the Defendants.

## **Analysis**

A Section 1983 claim for denial of medical care has both an objective and a subjective component. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). A Section 1983 claim may be defeated on summary judgment, therefore, when the undisputed factual record finds one or both of these components to be absent.

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care" such that their actions constitute "deliberate indifference." *Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "is manifested by . . . intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). It "entails something more than mere negligence," but may be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). Ultimately, "[k]nowledge of the asserted serious needs or of circumstances clearly indicating the existence of such needs, is essential to a finding of deliberate indifference." *Horn v. Madison County Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994).

Defendant Foster took no actions that amounted to deliberate indifference as to Plaintiff's medical needs. Rather, the undisputed medical records provided by the Defendants show that timely medical care was provided to Plaintiff. Immediately following the incident, Ms. Foster prescribed the patient a sling and ordered x-rays on the injured shoulder. Docket Entry No. 35-2 at 2. When a review of the x-rays showed that Plaintiff had dislocated his shoulder, Ms. Foster referred Plaintiff for an orthopedic consultation at the surgeon's first available opportunity. *Id.* at 9, 15. To the extent that this consultation took a prolonged period of time to occur, Ms. Foster had no control over the orthopedic surgeon's availability. The medical records demonstrate that

5

Ms. Foster monitored Plaintiff's medical condition and prescribed additional Ibuprofen and Tylenol to ease Plaintiff's pain. *Id.* at 12-13. The medication dosage was increased at a subsequent clinic visit. *Id.* at 18. At no time did Ms. Foster's actions come close to amounting to deliberate indifference. Indeed, Plaintiff's prayer for relief seeks damages for his injuries suffered "as a result of Defendant's negligence." Docket Entry No. 1 at 4. As previously mentioned, medical negligence is not actionable under Section 1983. *Farmer*, 511 U.S. at 835.

Because Defendant Foster's actions fall short of demonstrating "deliberate indifference," Plaintiff fails to establish the required subjective component of a Section 1983 claim. Consequently, this court need not examine whether or not Plaintiff can establish the required objective component of a Section 1983 claim. Therefore, summary judgment in favor of Defendant Foster is appropriate with regards to Plaintiff's Section 1983 claim.

Plaintiff also alleges a related claim against Ms. Foster's employer, Correct Care Solutions. *See generally,* Doc. Entry No. 1, Complaint. As a corporation or entity cannot be held liable under Section 1983 on a *respondeat superior* theory of liability, Correct Care Solutions may only be held liable if its official policy or custom inflicts the injury of which Plaintiff complains. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978); *see also Street v. Corrections Corporation of America*, 102 F.3d 810, 818 (6th Cir. 1996) (extending the holding of *Monell* to private corporations). In order to be successful on this claim, Plaintiff must satisfy "a two-pronged inquiry: (1) Whether the plaintiff has asserted the deprivation of a constitutional right at all; and (2) Whether [Correct Care Solutions] is responsible for that violation" through its established policies. *Doe v. Claiborne City*, 103 F.3d 495, 505-06 (6th Cir. 1996).

As the constitutional violation is a "threshold determination" for a claim brought against a corporation or entity under Section 1983, Plaintiff's claim plainly fails when a constitutional violation cannot be established. *Id.* at 506. Because Plaintiff's deliberate indifference claim against Ms. Foster must fail, this threshold requirement cannot be satisfied vis-á-vis the medical care that Plaintiff received. As to the care which Plaintiff had not received but believes he should have, Defendant CCS has put in proof of its applicable policies and procedures (Docket Entry No. 35-4), and Plaintiff has failed to show that any such policy or procedure is responsible for the harm he allegedly suffered. Therefore, summary judgment in favor of Defendant Correct Care Solutions is also appropriate.

Defendant's motion for summary judgment also makes reference to Plaintiff's implied state claims of medical malpractice. Doc. Entry No. 33, p. 5. However, no such claim is made explicitly in Plaintiff's complaint, and the undersigned therefore declines to address Defendants' arguments related to Tennessee medical malpractice law.

## **RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendants Melissa Foster and Correct Care Solutions' motion for summary judgment be **GRANTED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed to this Report in which to file responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this

7

Report and Recommendation can constitute a waiver of further appeal of this Recommendation.

*Thomas v. Arn*, 474 U.S. 140 (1985), *rehearing denied*, 474 U.S. 1111 (1986).

**ENTERED** this 14th day of July, 2014.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge